IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **GUNNING MOTORS, INC.,** | ) | Chapter 11 Bankruptcy |
| | ) | Case No. 10-11896-RGM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **CHRYSLER FINANCIAL SERVICES** | ) | |
| **AMERICAS, LLC,** | ) | |
| A Michigan limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GUNNING MOTORS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## **STIPULATIONS**

Gunning Motors, Inc. ("Debtor") and Chrysler Financial Services Americas, LLC ("Chrysler Financial"), each by counsel, submit to the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division ("Bankruptcy Court"), the following stipulations to be utilized by the Bankruptcy Court in lieu of evidence in this contested matter. The parties stipulate that: (i) the following facts are true and the exhibits are true copies of the originals; and (ii) each should be admitted as evidence in this contested matter in which these stipulations are being filed.

Paul K. Campsen, Esq. (VSB No. 18133)
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000 – Telephone
(757) 624-3169 – Facsimile
*Counsel for Chrysler Financial Services Americas, LLC*

## JURISDICTION AND VENUE

1. This is a contested matter brought in the Case (as this term is defined in paragraph 3) pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). Therefore, it is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (G), (K) and (O). The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

3. On March 13, 2010, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code as case number 10-11896-RGM ("Case"), at which time an order for relief was entered. The Debtor continues in possession of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. A trustee has not been appointed in the Case.

4. On March 13, 2010, Gunning Construction, Inc. ("Gunning Construction"), an affiliate of the Debtor, also filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code as case number 10-11897.

5. Chrysler Financial is now, and at all times relevant to the Case has been, a Michigan limited liability company, licensed to transact business in the Commonwealth of Virginia.

6. Chrysler Financial is a secured creditor of the Debtor, as more fully explained below.

## COMMON FACTS

7. The Debtor began its operations as a Dodge dealership in 1989 at 9100 Centerville Road, Manassas, Virginia. It later moved the Dodge dealership to property owned by Gunning Construction located at 9020 Liberia Avenue, Manassas, Virginia.[1]

8. Subsequently, the Debtor decided to expand its dealership operations by adding a Subaru franchise, which it operated at an adjacent property located at 9018 Liberia Avenue, Manassas, Virginia ("Property").

9. The Property is now, and at all times relevant to the Case has been, owned by Robert M. Rosenthal ("Landlord"). The Debtor acquired the right to occupy and use the Property under a deed of ground lease ("Ground Lease"), dated November 15, 2000, by and between the Landlord and the Debtor. A memorandum of lease ("MOL") dated July 15, 2002, giving record notice of the Ground Lease, was recorded on July 18, 2002 in the Clerk's Office of the Circuit Court of Prince William County, VA ("Clerk's Office") as Instrument No. 200207180091848. A copy of the MOL is attached as **Exhibit 1**. A copy of the Ground Lease is attached as **Exhibit 2**. When the Ground Lease was entered into, the Property was not improved. The Ground Lease provided that the Debtor would construct, at its sole cost, a building and other improvements on the Property, which it would use to operate a Subaru dealership. Upon the termination of the Ground Lease, the improvements revert to the Landlord, who is not obligated to make any payment for them.

---

[1] The Dodge franchise was terminated pre-petition,.

A.  **LOAN**

10. On or about July 15, 2002, Chrysler Financial loaned to Gunning Construction the original principal amount of One Million and 00/100 Dollars ($1,000,000.00). The purpose of the loan was to fund the construction of the improvements on the Property, which the Debtor would use to operate a Subaru dealership. Gunning Construction intended to construct the improvements for the benefit of the Debtor. As consideration, the Debtor guaranteed the payment of the debt to Chrysler Financial. The loan is evidenced and secured by, among others, the following documents:

(a) A real estate loan terms and conditions dated May 16, 2002, by and between Gunning Construction as the "Borrower" and Chrysler Financial as the "Lender", which governed a $1,000,000.00 construction loan ("Term Sheet"). A copy of the Term Sheet is attached as **Exhibit 3**.

(b) An amended and restated promissory note, dated December 1, 2003, made, executed and delivered by Gunning Construction payable to Chrysler Financial in the original principal amount of Nine Hundred Twenty-Four Thousand Four Hundred Seventy-Six and 21/100 Dollars ($924,476.21) ("Note"). A copy of the Note is attached as **Exhibit 4**.

(c) A leasehold deed of trust ("Leasehold Deed of Trust") dated July 15, 2002, made, executed and delivered by the Debtor, as trustee. It granted to James W. Deboer, as trustee, a security interest in, among other things, Gunning Motor's interest in the Ground Lease on the Property to secure Gunning Construction's obligations under the Note. The Leasehold Deed of Trust was recorded on July 18, 2002 in the Clerk's Office as instrument number 200207180091849. A copy of the Leasehold Deed of Trust is attached as **Exhibit 5**.

(d) The Landlord's consent and subordination to deed of trust ("Subordination Agreement"), dated as of July 15, 2002, made, delivered and executed by Landlord in favor of Chrysler Financial and recorded in the Clerk's Office on July 18, 2002 as Instrument No. 200207180091849. A copy of the Subordination Agreement is attached as **Exhibit 6**.

(e) An all encompassing guaranty and an all encompassing amendment to guarantor of loan documents dated July 15, 2002 and July 18, 2005, respectively, each made, executed and delivered by, among others, the Debtor in favor of Chrysler Financial by which the Debtorand John Gunning, jointly and severally, unconditionally guaranteed the payment of the obligations due under the Note (collectively, the "Guaranties"). A copy of the Guaranties are attached as **Exhibit 7**.

(f) The Term Sheet, Note, Leasehold Deed of Trust, Subordination Agreement and Guaranties collectively are referred to as the "Loan Documents."

**B. DEFAULTS**

11. In November, 2009, Gunning Motors breached the terms of the Loan Documents by, failing to pay to Chrysler Financial the amounts due under the Note. Chrysler Financial accelerated and demanded payment of the Note. A copy of the acceleration and demand letter is attached as **Exhibit 8.** Payment was not made and, pursuant to the Leasehold Deed of Trust, a foreclosure sale of the Debtor's leasehold interest in the Property was scheduled for March 15, 2010 at 10:00 a.m., which sale was cancelled as a result of the filing of the Case.

12. Prepetition, the Debtor failed to pay the amounts due to the Landlord under the Ground Lease. On the petition date, the Debtor owed the Landlord $40,082.05, which is approximately seven (7) months rent. Post-petition, the Debtor has not paid the rent due under the Ground Lease.

C.  **SUBARU DEALERSHIP**

13. The Debtor operates a Subaru dealership at the Property under a dealer agreement dated January 23, 2009 with Subaru of America, Inc. ("SOA") ("Dealer Agreement"). The Dealer Agreement permits the Debtor to operate the Subaru dealership in the Manassas area from February, 2009 until January, 2012.

14. On April 30, 2009, Chrysler Financial terminated funding under Debtor's floor plan financing. Debtor was unable to obtain replacement financing., SOA sought to terminate the Dealer Agreement based on Debtor's failure to maintain its floor plan financing. In January, 2010, the Debtor and SOA entered into a pre-petition settlement agreement providing for the termination of the Dealer Agreement if certain events did not occur. A copy of the termination agreement is attached as **Exhibit 9**. Debtor filed the Case, which stayed any termination by SOA.

15. Although, the Debtor continues to sell used cars and to operate a Subaru repair facility, Subaru is not providing any additional inventory to the Debtor. SOA has filed a motion under 11 U.S.C. § 362 to obtain relief from the stay to terminate the Dealer Agreement (Docket No. 60). A hearing is set for June 3, 2010.

D.  **THE SALE MOTION**

16. On March 31, 2010, the Debtor filed its motion for order authorizing sale of Debtor's assets free and clear of any claims, liens and encumbrances and the assignment of the existing lease ("Sale Motion") (Docket No. 32). The terms of the proposed sale were set forth in the asset purchase agreement ("Purchase Agreement") attached as Exhibit A of the Sale Motion. Pursuant to the Sale Motion, the Ground Lease would be assumed and assigned to the purchaser.

The Purchase Agreement is conditioned, among others, on the buyer obtaining an acceptable franchise agreement with SOA.

17. A hearing on the Sale Motion was originally set for April 27, 2010 at 11:00 a.m. and was rescheduled for June 3, 2010.

18. In the Sale Motion, the Debtor seeks to assume and to assign the Ground Lease. Chrysler Financial did not initially object to the Sale Motion; but later did so in response to new terms introduced by the Debtor in a proposed Order to the Sale Motion (Docket No. 58).

**D.    VALUE AND EQUITY**

19. The Debtor has valued its leasehold interest in the Property on Schedule D at $585,000.00, and the Sale Motion allocates $485,000 of the sale price to the leasehold interest.

20. In addition to the leasehold, the Sale Motion seeks authority to sell certain Subaru operational assets to the buyer. The sale price for these assets is $600,000, plus approximately $200,000 for parts, furniture and equipment. Chrysler Financial has a lien on all or substantially all of these assets. Copies of the UCC financing statements are attached as **Exhibit 9.**

21. The following amounts are due under the Note as of May 18, 2010:

| | | |
|---|---|---|
| a. | Principal | $ 736,352.19 |
| b. | Interest | 36,799.80 |
| c. | Late charges | $   1,402.65 |
| | TOTAL | $774,554.64 |

In addition, Chrysler asserts it is due amounts for attorneys' fees and other collection costs. The amount due under the Note exceeds the value of the Property but is less than the purchase price set forth in the Sale Motion.

**[Remainder of the page has been left blank intentionally.]**

**CHRYSLER FINANCIAL SERVICES AMERICAS, LLC**

By: /s/ Terry C. Frank
           Of Counsel

Paul K. Campsen, Esq. (VSB No. 18133)
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, a
 professional corporation
Three James Center, 12th Floor
1051 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 771-5700
Facsimile: (804) 771-5777
E-Mail: pkcampsen@kaufcan.com
            tcfrank@kaufcan.com

**GUNNING MOTORS, INC.**

By: /s/ Ann E. Schmidt

Ann E. Schmitt, Esquire
Culbert & Schmitt, PLLC
30C Catoctin Circle SE
Leesburg, VA 20175
E-Mail: aschmitt@culbert-schmitt.com
***Counsel for Debtor***