# AGREEMENT

This Agreement is made this 8th day of June, 2010, by and between Gunning Motors, Inc., Debtor and Debtor in Possession (the "Debtor"), Lindsay Automotive Group ("Lindsay"), Brown Automotive Group, Ltd. ("Brown"), Rosenthal Automotive Group ("Rosenthal") and Chrysler Financial Services Americas, LLC ("Chrysler") (the Debtor, Lindsay, Brown, Rosenthal and Chrysler, collectively, the "Parties").

## R E C I T A L S

WHEREAS, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 13, 2010 in the United States Bankruptcy Court for the Eastern District of Virginia (Case No. 10-11896-RGM) (Chapter 11) and continues to operate and manage its financial affairs as Debtor and Debtor in Possession under Sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, the Debtor has filed a Motion to sell substantially all of its assets free and clear of all liens, claims, encumbrances, and interests, under Section 363(b) & (f) of the Bankruptcy Code (the "Sale Motion") and Lindsay, Brown and Rosenthal have each expressed an intention to attend the auction scheduled in the Bankruptcy Case on July 13, 2010 ("Sale Date"); and

WHEREAS, Chrysler asserts first priority, duly perfected and unavoidable liens on substantially all of the Debtor's property, and that its lien will attach to the proceeds from the sale of the Debtor's property as a first priority perfected lien; and

WHEREAS, the Debtor is unable to obtain unsecured credit allowable under Section 503(b)(1) or Sections 364(a), (b), (c) or (d) of the Bankruptcy Code except as provided herein; and

WHEREAS, Lindsay, Brown, and Rosenthal (collectively, the "Lenders") have agreed to finance the actual and necessary out of pocket expenses that are incurred by the Debtor on or after June 1, 2010 up through and including the Sale Date under the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants of the Parties and for other good

and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge and agree as follows:

1. LENDERS' AGREEMENT TO LOAN TO THE DEBTOR:

The Lenders agree to make loans and advances to the Debtor from the date hereof up through and including the Sale Date (the "Budget Period") solely for the purpose of paying actual and necessary out-of-pocket expenses set forth in the Debtor's budget attached hereto an incorporated herein by reference as Appendix A (the "Budget"). Contemporaneously with the execution and delivery of this Agreement, each of Lenders shall loan in immediately available funds the amount of $31,400 ("Pro Rata Share") which represents each Lender's *pro rata* share of the total actual and necessary expenses of $ 94,200 during the Budget Period (the "Loan"). The Debtor shall deposit the Loan and at all times during the Budget Period shall deposit all receipts into and pay all expenses from its DIP account.

2. REPAYMENT OF LOAN:

The Lenders shall be paid their Pro Rata Share of the Loan from the Purchase Price at closing on the sale of the Debtor's assets. In the event that the Sale Motion is granted and one of the Lenders is approved by the Bankruptcy Court as the successful bidder for the Debtor's assets, the Lender shall be entitled to apply its Pro Rata Share of the Loan as a credit towards the Purchase Price. In the event that the Sale Motion is not granted for any reason, the repayment of the Loan shall be governed by Section 3(b) below.

3. CHRYSLER'S CONSENT TO CARVE-OUT AND PAYMENT OF LOAN:

(a) In the event that the Sale Motion is granted and one of the Lenders is approved by the Bankruptcy Court as the successful bidder for the Debtor's assets, Chrysler consents to a carve-out for the purpose of repayment of the Loans to the Lenders at closing from the proceeds of the sale of the property of the Debtor under Section 506(c) of the Bankruptcy Code.

(b) In the event that the Sale Motion is not granted for any reason, Chrysler nonetheless consents the payment of the Loan to the Lenders in cash from any other disposition of the Debtor's assets

under Section 506(c) of the Bankruptcy Code.

4. BINDING EFFECT:

All of the covenants, conditions, and obligations contained in this Agreement shall be binding upon and inure to the benefit of the respective heirs, legal representatives, successors, and assigns of Parties. The Debtor shall promptly and diligently seek approval of this Agreement and entry of an order that this Agreement shall be binding on a Chapter 7 Trustee in the event that the Debtor's case converts to Chapter 7.

IN WITNESS WHEREOF, the parties hereto have signed, sealed, and delivered these presents as their own free act and deed.

Gunning Motors, Inc.

Date: _____ By: _____

Lindsay Automotive Group

Date: _____ By: _____

Brown Automotive Group, Ltd.

Date: _____ By: _____

Rosenthal Automotive Group

Date: _____ By: _____

Chrysler Financial Services Americas, LLC

Date: _____ By: _____