IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
GUNNING MOTORS, INC.                  )        Chapter 11
                                      )        Case No. 10-11896-RGM
                                      )
       Debtor.                        )

## OBJECTION OF CHRYSLER FINANCIAL SERVICES AMERICAS, LLC TO THE APPLICATION TO RETAIN WEBER GHADBAN & ASSOCIATES REALTY, INC., AS BROKER FOR THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 327(A)

Chrysler Financial Services Americas, LLC ("Chrysler Financial"), by counsel, appears before the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division ("Bankruptcy Court"), in response to Gunning Motors, Inc.'s ("Debtor") application to retain Weber Ghadban & Associates Realty, Inc., as broker for the Debtor pursuant to 11 U.S.C. section 327(a) ("Application to Retain"), which the Debtor filed in the above captioned Chapter 11 voluntary bankruptcy as Docket No. 71. Chrysler Financial objects to the Application to Retain and in support states as follows:

### BACKGROUND FACTS

1.      Gunning Construction, Inc. ("Gunning Construction"), an affiliate of the Debtor, previously borrowed money from Chrysler Financial, the payment of which the Debtor guaranteed. To secure the repayment of the loan, the Debtor executed and delivered to Chrysler Financial a leasehold deed of trust ("Leasehold Deed of Trust") dated July 15, 2002. The

Paul K. Campsen, Esq. (VSB No. 18133)
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA  23510
(757) 624-3000 – Telephone
(757) 624-3169 – Facsimile
*Counsel for Chrysler Financial Services Americas LLC*

Leasehold Deed of Trust was recorded in the appropriate Clerk's Office to perfect a lien in favor of Chrysler Financial on the Debtor's interest in a ground lease of real property and improvements located at 9018 Liberia Avenue, Manassas, Virginia ("Property").

2. Because of a default under the terms of the Leasehold Deed of Trust, a foreclosure sale of the Debtor's leasehold interest in the Property was scheduled for March 15, 2010 at 10:00 a.m. (the "Foreclosure Sale").

3. On March 13, 2010, the Debtor and Gunning Construction each filed, in the Bankruptcy Court, a voluntary petition under Chapter 11. Chrysler Financial is the largest secured creditor of the Debtor. Currently, it is owed in excess of $775,000.00, plus attorneys' fees and other collection costs.

4. On March 31, 2010, the Debtor filed a motion for order (a) authorizing sale of Debtor's assets free and clear of any claims, liens and encumbrances and the assignment of the existing lease; (b) approving a break-up fee and (c) approving bidding procedures. ("Sale Motion") (Docket No. 30). Among other things, the Sale Motion sought to assign the Debtor's leasehold interest in the Property. The terms of the proposed sale were set forth in the asset purchase agreement ("Brown Offer"), attached as **Exhibit 1** between the Debtor and Brown Automotive Group, Ltd. ("Brown"). Closing was conditioned on written approval by Subaru of America ("Subaru") of either the assignment of the Debtor's dealership agreement to operate a Subaru dealership at the Property to Brown or the issuance of a new dealership agreement to Brown to operate a Subaru dealership at the Property.

5. A hearing on the Sale Motion was originally set for April 27, 2010 at 11:00 a.m. Because Subaru had not yet approved Brown as a Subaru dealer, and would not be in a position

to do so for at least two (2) weeks, the hearing on the Sale Motion was rescheduled for June 3, 2010.

6. Both Subaru and Chrysler Financial have filed motions for relief from automatic stay as Docket Nos. 66 and 60, respectively (collectively, the "Motions for Relief"). Chrysler Financial's motion seeks relief to enforce the Leasehold Deed of Trust by foreclosing on Debtor's leasehold interest in the Property. The Motions for Relief were set for hearing on June 3, 2010.

7. On May 20, 2010, Lindsay Automotive Group ("Lindsay") made a competing offer ("Lindsay Offer") to the Brown Offer. A copy of the Lindsay Offer is attached as **<u>Exhibit 2</u>**. The Lindsay Offer is $25,000.00 more than the Brown Offer and includes the purchase of property owned by Gunning Construction located at 9020 Liberia Avenue, Manassas, Virginia ("9020 Liberia"). The sale of 9020 Liberia was *not a term* of the Brown Offer. The Debtor's counsel specifically stated that Brown was not interested in purchasing 9020 Liberia.

8. The Debtor filed its Application to Retain on May 24, 2010. (Docket No. 71).

9. A hearing was held on June 3, 2010, at which time the Bankruptcy Court continued the Sale Motion and the Motions for Relief until July 12, 2010. The continuance was conditioned upon the following:

    a. That Brown, Lindsay and a third dealer, Rosenthal Automotive Group ("Rosenthal" and together with Brown and Lindsay collectively, the "Applicants"), all seeking to purchase the Debtor's assets, file applications by June 24, 2010 with Subaru for approval of a dealership agreement to operate a Subaru dealership on the Property;

    b. That by July 8, 2010, Subaru disclose to the Debtor and each of the Applicants the results of Subaru's review of the applications; and

3

c. That if more than one of the Applicants is a suitable replacement dealer to Subaru, the Debtor must conduct an auction before July 12, 2010.

**OBJECTION**

**A. The Debtor failed to obtain the Bankruptcy Court's approval for employment of the Broker prior to engaging its services.**

The Bankruptcy Court should deny the Application to Retain because the Debtor did not obtained the Bankruptcy Court's approval to retain the Broker before the Broker rendered the services for which it now seeks employment. Section 327 of the Bankruptcy Code permits, with Bankruptcy Court approval, the employment of disinterested "attorneys, accountants, appraisers, auctioneers, or other professional persons" to aide the trustee in carrying out his or her duties. 11 U.S.C. § 327(a). "A professional may be compensated from the bankruptcy estate in a Chapter 11 case *only* if the professional's employment was properly authorized by the court pursuant to 11 U.S.C. §§ 327 or 1103." *In re Rennie Petroleum Corp.*, 384 B.R. 412, 415 (Bankr. E.D. Va. 2008)(emphasis added); *see In re Hagan*, 145 B.R. 515, 518 (Bankr. E.D. Va. 1992). *Id.* "A professional who performs services for a debtor in possession without first securing an order approving employment will be treated as a volunteer notwithstanding that the services rendered may have been beneficial to the bankruptcy estate." *In re Rennie Petroleum Corp.*, 384 B.R. at 415. A professional employed without a court order may forfeit his right to compensation. *In re Hagan,* 145 B.R. at 519.

It is undisputed that the Debtor did not seek the approval of the Bankruptcy Court before the Broker rendered the services that it now seeks to be employed to render and for which it seeks to be paid. Section 7.6 of the Brown Offer states that Debtor "has engaged Webber (*sic*) Ghaban & Associates as a broker in connection with this Agreement and the consummation for the transactions contemplated hereby. At closing, Webber (*sic*) Ghaban & Associates shall be

4

paid out of proceeds due the Seller." (Brown Offer p. 8.)[1] The Application to Retain was filed May 24, 2010, over ten (10) weeks after the Debtor filed its Petition, and over two (2) months after execution of the Brown Offer. Additionally, the Broker was on notice that the Debtor was in bankruptcy because sections 8.6 and 9.6 of the Brown Offer clearly contemplate the Bankruptcy Court's approval for any action on the proposed sale. The Bankruptcy Court should disallow the Application to Retain the Broker because the Broker was not approved by the Bankruptcy Court prior to rendering its services.

B.   **The Debtor's Application to Retain is inadequate to provide notice to the Bankruptcy Court or the creditors of the terms of the employment arrangement.**

The Bankruptcy Court should disallow the Application to Retain because it fails to provide the Bankruptcy Court and the creditors with adequate notice of the terms of the Broker's employment as required by Rule 2004 of the Federal Rules of Bankruptcy Procedure.

Rule 2014(a) requires that an application for employment include, in part:

> the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. F.R.Bankr.P. Rule 2014(a).

The Application to Retain does not include most of these crucial elements, which are required to enable the Bankruptcy Court and the creditors to make an informed decision about the proposed retention. While paragraph 3 of the Application to Retain refers to an agreement between the Debtor and the Broker as an attached exhibit, no exhibit was attached. The Debtor has not provided a copy of the proposed employment agreement to Chrysler Financial. The Brown Offer sheds no light on what the proposed terms might be – its fails to include the specific professional

---

[1] The Brown Offer also states in paragraph 6.3 that no broker was engaged to procure the purchaser.

services to be rendered or the amount of compensation to be paid. When prompted, Debtor's counsel advised that the Debtor intends to pay the Broker two percent (2%)[2] of the purchase price for all of the assets, amounting to approximately $62,000.00, regardless of whether a sale of the Debtor's assets is realized. The Bankruptcy Court should disallow the Application to Retain because the Debtor failed to comply with Rule 2014.

C. **Retroactive employment should not be permitted.**

The Bankruptcy Court should disallow the Application to Retain because the Debtor cannot justify retroactive employment of the Broker. Under *extraordinary* circumstances, bankruptcy courts are permitted to award compensation notwithstanding the failure to comply with the clear requirements of 11 U.S.C. § 327. *In re Rennie Petroleum Corp.*, 384 B.R. at 416 (emphasis added). "Retroactive employment requires the applicant to meet three tests: There is good cause for the delay; there is no prejudice to the bankruptcy estate or the creditors if the employment is approved retroactively; and the employment would have been approved originally." *In re Elder*, 321 B.R. 820, 826 (Bankr. E.D. Va. 2005). A professional must "satisfactorily explain the failure to obtain prior approval of employment." *In re Rennie Petroleum Corp.*, 384 B.R. at 416.

The Debtor cannot provide any rational for retroactive employment of the Broker. First, the Debtor offers no explanation for the delay in filing its Application to Retain. Further, it is not likely that the Application to Retain would have been granted *even if* it was timely filed. No written terms of the proposed employment agreement have ever been provided. Debtor's counsel

---

[2] Gunning Construction, also in bankruptcy (Case No. 10-11897), filed on May 24, 2010 its application to retain Weber Ghadban & Associates Realty, Inc. as Real Estate Broker. The proposed employment agreement attached to Gunning Construction's application to retain is limited to 9020 Liberia Avenue and 8739 Commerce Court, and is *silent* as to either 9018 Liberia or any other asset belonging to the Debtor. Gunning Construction also filed a sale motion (on June 1, 2010) for property located at 9020 Liberia Avenue, and lists the sellers as Gunning Construction and the Debtor. A copy of the proposed Purchase Agreement attached to the Gunning Construction Sale Motion is attached as **Exhibit 3.**

has verbally advised that the Broker will receive a commission of $62,000.00. When executed on March 22, 2010, the Brown Offer *did not* include the sale of Gunning Construction's property located at 9020 Liberia Avenue. Debtor's counsel further advised that Brown was not initially interested in the purchase of 9020 Liberia Avenue. It was not until the Debtor received the Lindsay Offer that Brown agreed to purchase 9020 Liberia in order to meet Lindsay's bid. This was not the result of the Broker's efforts. The Debtor's assets (along with Gunning Construction's 9020 Liberia Avenue property) have subsequently become the subject of active interest by at least four dealers. None of this activity has been attributed to services rendered by the Broker. The Debtor is, in essence, asking the Bankruptcy Court to approve compensation to the Broker for services it has not provided on terms that have not been reviewed.

Lastly, and perhaps most importantly, is the great prejudice that would result to the creditors if the Application to Retain is granted. The compensation requested by the Debtor to be paid to the Broker – again, the proposed terms of which are known only because Debtor's counsel verbally advised of the same – amounts to roughly 8% of the amount owed to Chrysler by this Debtor. A $62,000.00 fee is more than half what the Debtor owes another secured creditor, and in excess of what is owed to most of the unsecured creditors. Having failed to timely apply for this Bankruptcy Court's approval of employment of the Broker, the Debtor has further failed to establish any grounds for retroactive employment.

WHEREFORE, Chrysler Financial respectfully requests that the Bankruptcy Court enter an order denying the Application to Retain and such other and further relief as the Bankruptcy Court deems appropriate.

**CHRYSLER FINANCIAL SERVICES<br>AMERICAS, LLC**

By:     */s/ Terry C. Frank*

Paul K. Campsen, Esq. (VSB No. 18133)
Terry C. Frank, Esq. (VSB No. 74890)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000 – Telephone
(757) 624-3169 – Facsimile
*Counsel for Chrysler Financial Services
Americas LLC*
E-Mail: pkcampsen@kaufcan.com
        tcfrank@kaufcan.com
**Counsel for Chrysler Financial Services Americas LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2010, a true copy of the foregoing ***Objection to Debtor's Application to Retain Weber Ghadban & Associates Realty, Inc. as Real Estate Broker for the Debtor*** is being filed with the Bankruptcy Court's Electronic Case Filing System and mailed to the following:

| | |
|---|---|
| Ann E. Schmitt, Esquire<br>Culbert & Schmitt, PLLC<br>30C Catoctin Circle SE<br>Leesburg, VA 20175<br>E-Mail: aschmitt@culbert-schmitt.com<br>**Counsel for Debtor** | Jack Frankel<br>Office of the U.S. Trustee<br>115 South Union Street, Ste. 210<br>Alexandria, VA 22314<br>Telephone: (703) 557-7229<br>(703) 557-7279 (fax)<br>E-mail: jack.i.frankel@usdoj.gov<br>**Counsel for U.S. Trustee** |

In addition, a Notice of Electronic Filing (NEF) will be sent to the following users:

| | |
|---|---|
| Ann E. Schmitt, Esquire<br>Culbert & Schmitt, PLLC<br>30C Catoctin Circle SE<br>Leesburg, VA 20175<br>E-Mail: aschmitt@culbert-schmitt.com<br>**Counsel for Debtor** | Jack Frankel<br>Office of the U.S. Trustee<br>115 South Union Street, Ste. 210<br>Alexandria, VA 22314<br>(703) 557-7229<br>703-557-7279 (fax)<br>E-mail: jack.i.frankel@usdoj.gov<br>**Counsel for U.S. Trustee** |

| | |
|---|---|
| Mark J. Friedman, Esquire<br>(VSB # 16808)<br>DLA Piper LLP (US)<br>6225 Smith Avenue<br>Baltimore, MD 21209<br>Phone: (410) 580-3000<br>Fax: (410) 580-3001<br>E-Mail: mark.friedman@dlapiper.com<br>***Counsel for Subaru of America, Inc*** | Stephen E. Leach<br>(VSB # 20601)<br>LEACH TRAVELL BRITT pc<br>8270 Greensboro Drive, Suite 1050<br>McLean, Virginia 22102<br>Telephone: (703) 584-8902<br>Telecopier: (703) 584-8901<br>E-mail: sleach@ltblaw.com<br>***Counsel for Robert M. Rosenthal*** |
| Mitka T. Baker, Esquire<br>(VSB # 67925)<br>DLA Piper LLP (US)<br>500 8th Street, N.W.<br>Washington, DC 20004<br>Phone: (202) 799-4519<br>Fax: (202) 799-5519<br>E-Mail: mitka.baker@dlapiper.com<br>***Counsel for Subaru of America, Inc.*** | S. Marc Sarata<br>(VSB # 68621)<br>LEACH TRAVELL BRITT pc<br>8270 Greensboro Drive, Suite 1050<br>McLean, Virginia 22102<br>Telephone: (703) 584-8902<br>Telecopier: (703) 584-8901<br>E-mail: sleach@ltblaw.com<br>***Counsel for Robert M. Rosenthal*** |
| Michael J. Holleran, Esq.<br>(VSB # 26673)<br>Walton & Adams, P.C.<br>1925 Isaac Newton Sq. Suite 250<br>Reston, VA 20790<br>(703) 390-8000<br>E-mail: mholleran@walton-adams.com<br>***Counsel for Brown Automotive*** | Joseph J. Bellinger<br>OFFIT KURMAN, P.A.<br>8781 Maple Lawn Boulevard<br>Maple Lawn, Maryland<br>Telephone: (443) 738-1515<br>Telecopier: (301) 575-0335<br>E-mail: jbellinger@offitkurman.com<br>***Counsel for Lindsay Automotive Group*** |
| |    */s/ Terry C. Frank*<br>Paul K. Campsen, Esq. (VSB No. 18133)<br>Terry C. Frank, Esq. (VSB No. 74890)<br>Kaufman & Canoles, a professional corporation<br>150 West Main Street, Suite 2100<br>Norfolk, VA 23510<br>(757) 624-3000 – Telephone<br>(757) 624-3169 – Facsimile<br>***Counsel for Chrysler Financial Services Americas LLC*** |

5246507